```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    _____

    PAULA VISCONTI,
                                              1:19-cv-00581-NLH-AMD
                Plaintiff,
                                              **OPINION**
         v.

    TRANS UNION, LLC, et al.,

                Defendants.
    _____
```

**APPEARANCES**:

BRUCE K. WARREN
WARREN LAW GROUP, LLC
1170 DELSEA DRIVE
STE. 1035
WESTVILLE, NJ 08093

    *On behalf of Plaintiff*

ALAN E. SCHOENFELD
WILMER CUTLER PICKERING HALE AND DORR LLP
7 WORLD TRADE CENTER
250 GREENWICH ST
NEW YORK, NY 10007

    *On behalf of Defendant Chase Bank*

DANIEL J.T. MCKENNA
BALLARD SPAHR, LLP
210 LAKE EAST DRIVE
SUITE 200
CHERRY HILL, NJ 08002-1163

ANDREW MICHELE CAROBUS
BALLARD SPAHR LLP
1735 MARKET STREET
51ST FLOOR
PHILADELPHIA, PA 19103

    *On behalf of Defendant Discover Products, Inc.*[1]

---

[1] This Defendant is improperly pleaded as Discover Capital One.

**HILLMAN, District Judge**

On January 16, 2019, Plaintiff, Paula Visconti, filed a complaint asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and several state law violations, such as invasion of privacy and negligence, against twelve defendants.[2] Plaintiff avers the following verbatim:

16. Plaintiff is a seventy-five-year-old retired Chief Medical Physicist.

17. Plaintiff retired from a major East Coast Hospital System (Virtua Health) and wanted to take her interest of participating in a small business, previously medical physics consulting, to a new level by joining several very experienced friends in forming a small dog training company.

18. Plaintiff eventually became the Chief Financial Officer in Absolute Control Dog Training (ACDT) LLC in 2017, investing over one-half a million dollars in the project between 2017 and the first half of 2018.

---

The same counsel entered their appearance for Defendant Citi Corp. On March 31, 2019, Defense counsel and Plaintiff's counsel entered into a stipulation dismissing Plaintiff's claims against Citi Corp. with prejudice. (Docket No. 19.)

[2] This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

19. Joseph R. Merry, Jr. ("Merry") was the CEO of the company after convincing Plaintiff and other officers that he had the knowledge and contacts to grow the business.

20. Merry told the group that he was able to procure a contract with Duke Energy for ACDT LLC and its OBA Parks K9 Scent Detection to provide guard dogs and handlers 24/7 to 13 energy plants spanning 7 states[.]

21. The contract was worth approximately 400 hundred million dollars per annum to ACDT and Parks K9.

22. Merry produced a very detailed and lengthy signed contract from Duke Energy that was later found to be fraudulent.

23. As time went on the actions of Merry, especially from March onward in 2018, became more and more suspicious and it was learned that all of his boasting about business was ingeniously fabricated.

24. After admitting this to an ACDT principal, Perry Parks, and to subsidiary partners, Global K9 Protection Group based in Opelika, Alabama, who had joined with ACDT and Parks K9 in the 1st quarter of 2018 where the majority of the preparations to implement this massive contract were being

undertaken, Merry fled the area and is now wanted by the Federal Bureau of Investigation. There are also 4 outstanding warrants for his arrest in the State of Massachusetts for earlier frauds.

25. Plaintiff discovered in late June of 2018 that not only had Merry depleted all the assets of ACDT, he had also opened up multiple credit and loan accounts in her name, using her personal information which he acquired during his multiple deceptions from November, 2017 through the first quarter of 2018.

26. Plaintiff throughout the end of June and much of July and into August as well notified all the creditors listed as defendants to this complaint, all of them multiple times, but none, not a single creditor took her allegations to be the truth and instead began a relentless pursuit to retrieve money that Plaintiff never had or used.

27. Identity Guard had a contractual obligation to notify Plaintiff and protect her from identity theft and failed to do so.

28. Plaintiff never applied, accepted or used any of the credit or loans extended by the Defendants.

29. Plaintiff informed all three credit bureau defendants of the identity theft.

30. Plaintiff has had her personal bank accounts garnished by World Global Capital.
31. Plaintiff has incurred a substantial amount of attorney fees to attempt to restore her credit rating.
32. Plaintiff never had a missed credit card payment prior to the identity theft and in fact paid only one single finance charge [] in her life for her legitimately held credit cards.
33. Plaintiff sent dispute letters to all Defendants informing them that she was not responsible for the debt and that they needed to remove it from her credit reports.
34. None of the bureaus complied with the disputes.
35. None of the creditors acknowledged the fraudulent nature of the charges.
36. Defendants knew or should have known that their actions violated the FCRA.  Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FCRA, but neglected to do so and failed to adequately review those actions to insure [sic] compliance with the law.
37. As a direct consequence of all Defendants['] acts,

practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

38. As a result of Defendants['] conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff[']s great detriment and loss.

39. As a result of Defendants['] conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff[']s great detriment and loss.

40. As a result of Defendants['] conduct, Plaintiff has suffered a very significant decreased credit score (i.e. from Excellent across the board to Weak, Fair, Fair) as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff[']s credit file.

(Complaint, Docket No. 1 at 5-8.)

Defendant Discover Products, Inc. and Defendant Chase Bank,

N.A. have moved to dismiss Plaintiff's complaint, primarily arguing that Plaintiff's FCRA claims fail because they are conclusory and collectively pleaded against all twelve defendants, and they do not plead facts to support the appropriate elements of viable FCRA claims against the credit reporting and creditor defendants.  These defendants also argue that Plaintiff's state law claims are preempted by the FCRA, and fail to state any viable claims because of insufficient pleading, just like Plaintiff's FCRA claims.

Plaintiff has not filed oppositions to defendants' motions to dismiss.  Plaintiff has voluntarily dismissed one Defendant, Citibank, N.A. (Docket No. 19.)  Plaintiff has not filed proof of service as to the other nine defendants, which have not otherwise appeared in the action.

It is clear to the Court that Plaintiff's claims against the moving defendants fail in the most fundamental way:  They do not satisfy Federal Civil Procedure Rule 8(a) and the pleading standards set by <u>Twombly</u> and <u>Iqbal</u>.  Plaintiff's claims against Discover and Chase must be dismissed.  With regard to the other nine defendants which have not appeared in the action, the Court will dismiss Plaintiff's claims against them for failure to comply with Federal Civil Procedure Rule 4(m).

   **1.   Motions to Dismiss by Discover and Chase**

Under Rule 8(a), a pleading is sufficient if it contains "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Even though Rule 8(a) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face," and that facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).  The FCRA places certain duties on credit reporting agencies and those who furnish information to consumer reporting agencies.  The furnisher of information has a duty to provide accurate information to the credit reporting agency, 15

U.S.C. § 1681s-2(a), and the credit reporting agency must investigate promptly any reports of inaccuracies, 15 U.S.C. § 1681s-2(b). The FCRA has several provisions that create liability for violations of the Act, but some cannot be used by a private individual to assert a claim for a violation of § 1681s - 2(a), as such claims are only available to the Government. SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011).

Although a private citizen may bring an action under 15 U.S.C. § 1681s-2(b), this cause of action is not without limitations. Id. The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer. Id. (citation omitted).

To state a viable claim under the FCRA regarding the interplay between the furnisher and the credit reporting agency, a plaintiff must allege that she "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify

9

the inaccurate information." Gittens v. Sterling Jewelers Inc., 2016 WL 828098, at *2 (D.N.J. 2016) (citing SimmsParris, 652 F.3d at 358). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." Id. (citations omitted).

Here, Plaintiff collectively alleges that she sent letters to all defendants stating that she was not responsible for the debt allegedly fraudulently procured by Merry, but none of the credit reporting agencies "complied with the disputes," and none of the creditors "acknowledged the fraudulent nature of the charges." Plaintiff claims that the inactions of all defendants violated the FCRA, invaded her common law right to privacy, and constituted negligence.

Plaintiff, however, does not provide any facts specific to Discover or Chase regarding which accounts or debts were fraudulent, when she notified these defendants of the issues, and what actions Discovery and Chase were required to take in response but failed to do so. The dearth of facts specific to Discover and Chase is fatal to Plaintiff's FCRA claims against them. See, e.g., Berkery v. Verizon Communications Inc., 658 F. App'x 172, 175 (3d Cir. 2016) ("Berkery's complaint alleged that he reported the billing discrepancy with Verizon to three credit agencies, but never set out any non-conclusory allegations about whether Verizon (here, the furnisher) satisfied its own duties

10

under the statute.  Verizon concedes on appeal that this pleading deficiency could have been cured if Berkery had alleged on information and belief that (1) the credit agencies reported the discrepancy to Verizon, and (2) that Verizon did not conduct a reasonable investigation after receiving notice of the discrepancy.  But even these simple allegations do not appear in Berkery's complaint.  As a result, the District Court did not err in dismissing this claim without prejudice . . . ."); Gittens, 2016 WL 828098, at *2 ("[Plaintiff's] conclusory [FCRA] claim, containing few or no facts, must be dismissed [because] it fails to allege facts from which a reader, even construing the complaint liberally, could glean the essential elements of the claim.  The complaint does not say what the negative credit information consisted of, or in what respect it was false.  It states that Mr. Gittens disputed it in writing, but it does not state that he notified the credit reporting agency, as required.  It does not state how, when, or to whom any such report was made.  In short, this complaint, even construed liberally, does not rise above the sort of conclusions and labels found inadequate in Twombly and Iqbal.").

To the extent that Plaintiff's state law claims are viable as a matter of law,[3] Plaintiff's invasion of privacy and

---

[3] See Bertollini v. Harrison, 2019 WL 2296150, at *4 (D.N.J. 2019) (citing cases) (finding that § 1681t(b)(1)(F) of the FCRA

11

negligence claims, which allege as damages financial injuries and severe emotional distress, fail for the same reason – Plaintiff's failure to provide any facts specific to Discover and Chase to support the elements of those claims. See, e.g., Raciti v. Rushmore Loan Management Services, LLC, 2019 WL 4052441, at *6 (D.N.J. 2019) ("[A]side from the conclusory statement that 'Plaintiffs have suffered emotional distress caused by Defendant's unlawful behavior and violations of the FDCPA and FCRA,' the Complaint contains no allegations at all regarding Plaintiffs' alleged emotional distress. Therefore, Plaintiffs have failed to sufficiently allege that they suffered severe emotional distress from Rushmore's communications regarding the discharged mortgage."); Perez v. Factory Direct of Secaucus, LLC, 2013 WL 5770734, at *6 (D.N.J. 2013) (noting that in New Jersey, a defendant is subject to liability for false light invasion of privacy if (a) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed, and finding

---

expressly preempts state common law claims against furnishers); Williams v. Navient Solutions, LLC, 2017 WL 3784039, at *2 (D.N.J. 2017) (finding that § 1681h(e) provides that defamation, invasion of privacy, or negligence claims, while ordinarily preempted by the FCRA, can be brought if "false information [is] furnished with malice or willful intent").

that a single conclusory assertion that defendants knew and/or reasonably should have known that the statement was false does not pass muster on a motion to dismiss (citing Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 427 (D.N.J. 2005) (other citations omitted)); Edelglass v. Ulta Salon, Cosmetics, Fragrance, Inc., 2019 WL 1238832, at *5 (D.N.J. 2019) ("[B]y alleging only that Ulta breached its duty by causing injury to her without stating how it breached that duty, Edelglass has not sufficiently stated her [negligence] claims to put Ulta on notice of the claims against it.").

2. **Plaintiff's claims against the remaining defendants**

Federal Civil Procedure Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff filed her complaint on January 15, 2019. The time by which Plaintiff was required to serve her complaint on defendants was April 9, 2019. Plaintiff did not provided proof of service of summons and the complaint by that time - or at all since then - on defendants Trans Union, LLC, Equifax Information

13

Services, LLC, Experian Information Services, LLC, Kabbage, Inc., Celtic Bank Corp., World Global Capital, LLC, Bank of America, Capital One Bank (U.S.A.), N.A., and Intersections, Inc. d/b/a Identity Guard.[4]

Because of the deficiencies of Plaintiff's complaint identified as to Discover and Chase, which appear equally applicable to the other nine defendants, as well as Plaintiff's failure to respond to the pending motions to dismiss, which were filed in February and April 2019, the Court will dismiss Plaintiff's claims against the nine defendants without prejudice for lack of service, rather than provide additional time to serve them. See, e.g., Garlanger v. Verbeke, 223 F. Supp. 2d 596, 610-11 (D.N.J. 2002) (dismissing the plaintiff's claims against a defendant, rather than affording time to serve that defendant, because the plaintiff failed to file an opposition to a defendant's motion to dismiss and failed to demonstrate a reasonable basis for failing to comply with the service requirements of Rule 4(m)) (citing Fernandez v. United States, Internal Revenue Service, 1994 WL 591556 (D.N.J. 1994) (dismissing all claims against defendant where plaintiffs failed

---

[4] Plaintiff also did not file proof of service on Discover, Chase, or Citibank. On January 24, 2019 and February 7, 2019, Counsel for Discover and Citibank filed a notice of appearance, presumably having accepted service in some manner without challenge. On February 11, 2019, Chase filed a waiver of service.

to offer any explanation for their failure to properly serve defendant and did not otherwise respond to defendant's motion to dismiss pursuant to Rule 4(m)).

## CONCLUSION

For the reasons expressed above, the motions to dismiss filed by Discover and Chase will be granted, and those claims will be dismissed without prejudice for insufficient pleading.[5] Plaintiff's claims against Trans Union, LLC, Equifax Information Services, LLC, Experian Information Services, LLC, Kabbage, Inc., Celtic Bank Corp., World Global Capital, LLC, Bank of America, Capital One Bank (U.S.A.), N.A., and Intersections, Inc. d/b/a Identity Guard will be dismissed without prejudice for failure to comply with Rule 4(m). An appropriate Order will be entered.

Date: October 23, 2019     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

---

[5] Except in civil rights cases, a court is not obligated to afford a plaintiff the opportunity to amend his complaint, either *sua sponte* or following the dismissal of the complaint pursuant to a motion to dismiss. Fletcher Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).